DIAZ V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-345-CR

LUIZ A. DIAZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

On December 20, 2001, Officer Scott Morgan with the Euless Police Department arrested Appellant Luiz A. Diaz, a Spanish speaking Puerto Rican citizen, for driving while intoxicated (DWI).  Although Appellant informed Morgan that he did not speak English well, Morgan testified that Appellant spoke and understood English throughout the traffic stop.  According to Morgan, Appellant was able to follow his directions during sobriety tests administered at the scene and later at the jail during the reading of Appellant’s statutory warnings.  After Appellant agreed to submit to a breath test, Morgan took Appellant into the videotape room of the Euless Police Department and read his statutory warnings in English, while Appellant read a written copy, also in English.

The breath test results showed that Appellant had an alcohol concentration of .11 and .12—well over the legal limit of .08 and Appellant was subsequently charged with DWI.  Appellant filed a motion to suppress the results of the breath test alleging that his consent to the breath test was involuntary because he did not understand the English statutory warnings.  After the trial court reviewed all the evidence, including videotapes of the traffic stop and discussions at the jail, it denied Appellant’s motion to suppress, stating, “It seems to me apparent, on the face of the tape, that most of the converse was in English, and it appeared to me that both sides seemed to understand each other.”  Appellant, after pleading guilty to DWI, was sentenced to 90 days in jail probated for one year and a $1000 fine, probated down to $200.   This appeal followed. 

Discussion

We review the denial of a motion to suppress for abuse of discretion, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. 
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App.1990).  Thus, the trial court may disbelieve any portion of a witness's testimony, even if the testimony is uncontroverted
.  Ross
, 32 S.W.3d at 855; 
Allridge
 
v. State
, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), 
cert. denied
, 510 U.S. 831 (1993).

Citing the Fourteenth Amendment of the United States Constitution,  Appellant argues that the trial court erred in denying his motion to suppress.  
U.S. Const. 
amend. XIV.  Without citing a single additional authority, Appellant argues that he involuntarily provided a breath specimen because he did not fully understand his statutory warning and the consequences of either refusing or providing a breath specimen.  The trial court determined, after observing videotaped conversations between Appellant and Morgan, that most of the conversation was in English and that both sides understood and communicated with each other.  Affording almost total deference to the trial court’s determination of the historical facts, we accept its finding that Appellant understood the statutory warnings read to him by Morgan and therefore voluntarily 
consented to the breath specimen.  We hold that the trial court did not abuse its discretion in overruling Appellant's motion to suppress.

Conclusion

We overrule Appellant's sole point and affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: DAUPHINOT and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  December 23, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.